# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:18-CV-00242-MR

| | |
|---|---|
| VALERIE COBB HENLEY ) </br> ) </br> Plaintiff, ) </br> ) </br> vs. ) </br> ) </br> ANDREW SAUL, Commissioner ) </br> of Social Security ) </br> ) </br> Defendant. ) </br> _____ ) | **MEMORANDUM OF** </br> **DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 10] and the Commissioner's Motion for Summary Judgment [Doc. 12].

## I.  BACKGROUND

On September 30, 2013, the Plaintiff, Valerie Cobb Henley ("Plaintiff"), filed an application for disability and disability insurance benefits under Title II of the Social Security Act (the "Act"), alleging an onset date of June 1, 2012. [Transcript ("T.") at 41]. The Plaintiff later amended the alleged onset date to July 21, 2013. [Id.]. The Plaintiff's claim was initially denied on March 12, 2014 and was denied upon reconsideration on January 22, 2015. [Id.].

On the Plaintiff's request, a hearing was held on February 28, 2017 before an Administrative Law Judge ("ALJ"). [Id.]. On June 13, 2017, the ALJ issued a written decision denying the Plaintiff benefits, finding that the Plaintiff was not disabled within the meaning of the Act since the alleged onset date of July 21, 2013. [Id. at 38]. On June 27, 2018, the Appeals Council denied the Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. [Id. at 1]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support

a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). It is the duty of the ALJ to "build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). "Without this explanation, the reviewing court cannot properly evaluate whether the ALJ applied the correct legal standard or whether substantial evidence supports his decisions, and the only recourse is to remand the matter for additional investigation and explanations." Mills v. Berryhill, No. 1:16-cv-25-MR, 2017

WL 957542, at *4 (W.D.N.C. Mar. 10, 2017) (Reidinger, J.) (citing Radford, 734 F.3d at 295).

## III. THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability. 20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps. Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. Id. (citing 20 C.F.R. § 416.920). If not, the case progresses to step two, where the claimant must show a severe impairment. If the claimant

does not show any physical or mental deficiencies, or a combination thereof, which significantly limit the claimant's ability to perform work activities, then no severe impairment is established and the claimant is not disabled. Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P. If so, the claimant is automatically deemed disabled regardless of age, education or work experience. Id. If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"). The RFC is an administrative assessment of "the most" a claimant can still do on a "regular and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions. Social Security Ruling ("SSR") 96-8p; 20 C.F.R. §§ 404.1546(c); 404.943(c); 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 634. If the claimant can still perform his or her past work, then the claimant is not disabled. Id. Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner. At step five, the Commissioner must establish that, given the claimant's age,

education, work experience, and RFC, the claimant can perform alternative work which exists in substantial numbers in the national economy. Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the Commissioner succeeds in shouldering her burden at step five, the claimant is not disabled and the application for benefits must be denied. Id. Otherwise, the claimant is entitled to benefits.

## IV. THE ALJ'S DECISION

At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since her alleged onset date, July 21, 2013. [T. at 43]. At step two, the ALJ found that the Plaintiff has severe impairments including "lumbar degenerative disc disease, thoracic degenerative disc disease, cervicalgia, status post cervical fusion, infrequent myoclonic jerks of the right leg of unknown etiology, sensory polyneuropathy of unknown etiology, gastroesophageal reflux disease (GERD), major depression, and anxiety disorder." [Id.]. At step three, the ALJ determined that the Plaintiff does not have an impairment or combination of impairments that meets or

medically equals the Listings. [Id. at 44]. The ALJ then determined that the Plaintiff, notwithstanding her impairments, has the RFC

> to perform sedentary work as defined in 20 CFR 404.1567(a) except that the claimant was able to climb ramps and stairs occasionally; never climb ladders, ropes or scaffolds; balance stoop, kneel, and crouch occasionally; never crawl; limited to frequent handling, fingering, and feeling with the bilateral upper extremities; limited to frequent overhead reaching with the right upper extremity; limited to occasional pushing and pulling with the bilateral upper and bilateral lower extremities to the same extent she can lift and/or carry; limited to frequent operation of foot controls bilaterally; limited to simple work related instructions and directions; limited to simple routine tasks but not at a production rate pace, e.g., assembly line work; capable of sustaining concentration and pace for two hour segments during a standard eight hour workday; limited to occasional contact with the public; capable of responding appropriately to routine changes in an unskilled work setting.

[Id. at 46-47].

At step four, the ALJ identified the Plaintiff's past relevant work as a quality assurance coordinator, safety coordinator, materials coordinator, and information technology coordinator. [Id. at 55]. The ALJ observed that the demands of the Plaintiff's "past relevant work exceed the [RFC]." [Id.]. Accordingly, the ALJ found that the Plaintiff "was unable to perform past relevant work." [Id.].

7

At step five, based upon the testimony of the vocational expert ("VE") the ALJ concluded that, considering the Plaintiff's age, education, work experience, and RFC, the Plaintiff is capable of performing positions such as surveillance systems monitor (Dictionary of Occupational Titles ("DOT") number 379.367-010), stuffer (DOT number 731.685-014), and paster (DOT number 249.587-014). [Id. at 56]. Therefore, the ALJ concluded that the Plaintiff was not "disabled" as defined by the Act from July 21, 2013, the alleged onset date, through December 31, 2016, the date last insured. [Id. at 57].

## V. DISCUSSION[1]

As one of her assignments of error, the Plaintiff argues that the ALJ erred by failing to resolve an apparent conflict between the VE's testimony and the DOT. [Doc. 11 at 17-22].

The Plaintiff's RFC limits her to "simple work related instructions and directions" and "simple routine tasks but not at a production rate pace, e.g., assembly line work." [T. at 47]. Appendix C of the DOT says that a Reasoning Level of 2 is required for the stuffer position, DOT 731.685-014, 1991 WL 679811, and the paster position, DOT 249.587-014, 1991 WL

---

[1] Rather than set forth the relevant facts in a separate section, the Court has incorporated the relevant facts into its legal analysis.

672348, while the surveillance system monitor position requires a Reasoning Level of 3, DOT 379.367-010, 1991 WL 673244. Reasoning Level 2 jobs require the ability to "carry out detailed but uninvolved written or oral instructions." Dictionary of Occupational Titles, Appendix C: Components of the Definition Trailer, Section III. General Educational Development (GED) 1991 WL 688702. Reasoning Level 3 jobs require the ability to "carry out instructions furnished in written, oral, or diagrammatic form." Id.

When asked if any of her testimony "was outside the confines of the DOT or in conflict with the DOT," the VE answered in the negative to the extent that the DOT does not address a sit/stand option, occasional public contact, or any questions about absences and being off task. [T. at 106]. The ALJ ultimately accepted the VE's testimony and found that there was no conflict with the DOT. [T. at 56].

The VE, however, never addressed any potential conflict between the Plaintiff's RFC and the DOT's statement that Reasoning Level 2 or Reasoning Level 3 was required for the relevant position. Likewise, the ALJ never identified or addressed any potential conflict between the Plaintiff's RFC and the required Reasoning Levels. Ultimately, the ALJ relied on the VE's testimony to find that the Plaintiff could perform the Reasoning Level 2 and Reasoning Level 3 jobs and denied the Plaintiff's claim. [T. at 56-57].

SSR 00-4p requires the ALJ to resolve any actual or apparent conflicts between the VE's testimony and the DOT before relying on that testimony to support a determination or decision about whether a claimant is disabled. Pearson v. Colvin, 810 F.3d 204, 207-8 (4th Cir. 2015) (citing SSR 00-4p). As such, an ALJ cannot rely unquestioningly on a VE's testimony; instead, an ALJ must ask the VE whether his or her testimony conflicts with the DOT. Id. at 208. Even if the VE tells the ALJ that no conflicts exist, the ALJ has an affirmative "duty to make an independent identification of apparent conflicts." Id. at 210. Ultimately, the ALJ must "'elicit a reasonable explanation for the conflict before relying on the testimony.'" Thomas v. Berryhill, 916 F.3d 307, 313 (4th Cir. 2019), as amended (Feb. 22, 2019) (citing SRR Ruling 00-4p at *2).

In Thomas v. Berryhill, the Fourth Circuit held that an apparent conflict existed "between a limitation to 'short, simple instructions" and jobs in the DOT that would require a claimant to follow "detailed but uninvolved . . . instructions.'" Id. at 313–14. The Court in Thomas remanded the case for further proceedings so that the ALJ could identify and resolve the conflict between the VE's testimony and the claimant's limitation. Id.

A similar apparent conflict exists here between the Plaintiff's limitation to jobs involving "simple work related instructions and directions[,]" [T. at 47],

and the VE's testimony that the Plaintiff could hold jobs involving "detailed but uninvolved written or oral instructions" or "instructions furnished in written, oral, or diagrammatic form." Dictionary of Occupational Titles, Appendix C: Components of the Definition Trailer, Section III. General Educational Development 1991 WL 688702. The ALJ failed to identify the apparent conflict between the VE's testimony and the DOT. Having failed to identify the conflict, the ALJ also failed to explain how the conflict was resolved.[2] That error necessitates a remand.[3]

## VI. CONCLUSION

Because this Courts lacks an adequate record of the basis for the ALJ's decision, it cannot conduct a meaningful review of that ruling. See Radford, 734 F.3d at 295. Further, the Court is also not persuaded that the Commissioner applied the correct legal standards. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). On remand, the ALJ should carefully review

---

[2] The Commissioner argues that there is no conflict between the VE's testimony and the DOT because some courts have held that a Reasoning Level of 2 does not preclude the performance of simple, routine tasks. [Doc. 13 at 14-16]. The cases cited by the Commissioner, however, predate the Fourth Circuit's decision in Thomas. Thomas stands for the proposition that an apparent conflict exists when a Plaintiff is limited to short, simple instructions and would need to hold a position that requires Level 2 Reasoning or greater. Thomas v. Berryhill, 916 F.3d at 313. The Court is bound by that precedent.

[3] The Commissioner did not argue that this conflict, if apparent, would be harmless; therefore, the Court declines to reach that question now. See United States v. Hall, 858 F.3d 254, 280 n.8 (4th Cir. 2017) (explaining that government may waive harmless error argument) (citing Fed. R. App. P. 28(b)).

the Plaintiff's RFC and the Reasoning Level required for the identified jobs and identify and resolve any conflict between them.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 10] is **GRANTED**, and the Commissioner's Motion for Summary Judgment [Doc. 12] is **DENIED**. Pursuant to the power of this Court to enter judgment affirming, modifying or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED** and the case is hereby **REMANDED** for further administrative proceedings consistent with this opinion. A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: August 23, 2019

Martin Reidinger
United States District Judge